FILED

JUL 0 7 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MATTHEW ROBERT YOUNG and BETTY YOUNG, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MARK NOOTH, SRCI )<br>Superintendent, BILL DOMAN, )<br>Asst. Superintendent, JUDY )<br>GILMORE, Asst. Superintendent,)<br>STEVE COX, SRCI Staff Employee)<br>and other unknown SRCI staff, )<br>)<br>Defendants. ) | Civil No. 10-479-PK<br><br><br>ORDER |

PAPAK, Magistrate Judge.

Plaintiff Matthew Robert Young, an inmate at the Snake River Correctional Institution, brings this civil rights action alleging defendants have unlawfully tampered with his incoming and outgoing mail. He names his mother Betty Young as a plaintiff in this action. However, it is well settled that although a non-attorney

1 - ORDER

may appear on his own behalf, that privilege is personal to him. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); Storesh v. Spellman, 654 F.2d 1349, 1355 (9th Cir. 1981). A non-attorney has no authority to appear as an attorney for others than himself. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). Accordingly, plaintiff Betty Young is dismissed from this action.

I.  **Application to Proceed *In Forma Pauperis***

Plaintiff moves to proceed *in forma pauperis* (#5). An examination of the application reveals that plaintiff is unable to afford the fees of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner proceeding *in forma pauperis* is required to pay the full filing fee of $350.00 when funds exist. Plaintiff has authorized the agency having custody of him to collect the filing fee from his prison trust account when funds exist. However, plaintiff has been without funds for the six months immediately preceding the filing of his complaint. Accordingly, the court shall not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(2). When funds exist, plaintiff shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's trust

account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full. Id.

## II. Motion to Disqualify the Department of Justice

Plaintiff moves to disqualify the department of justice and the attorney general's office from representing the Department of Corrections in this civil action (#2) "on the grounds that this complaint raises claims and allegations of violation of Federally Protected constitutional Rights, Federal Codes and Statutes, which constitute Federal Crimes, and must be prosecuted as such." Apparently plaintiff is arguing that the Oregon Department of Justice is not competent to represent defendants on issues involving federal law. This assertion is without merit and plaintiff's Motion (#2) is denied.

## CONCLUSION

Based on the foregoing, plaintiff's provisional *in forma pauperis* status is CONFIRMED.

IT IS ORDERED that the Oregon Department of Corrections shall collect payments from plaintiff's prison trust account and shall forward those payments to the Clerk of the Court in accordance with the formula set forth above until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments

shall be clearly identified by the name and number assigned to this action.

The Clerk of the Court is directed to send a copy of this order to

>Oregon Department of Corrections
>Central Trust Unit
>2575 Center Street NE
>Salem, Oregon 97310

In addition, plaintiff Betty Young is dismissed from this action and plaintiff's Motion to Disqualify (#2) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of July, 2010.

_____
Paul Papak
United States Magistrate Judge

4 - ORDER