IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW ROBERT YOUNG,　　　　　　3:10-cv-00479-PK

　　　　Plaintiff,　　　　　　　　　　　　　　OPINION AND ORDER

v.

MARK NOOTH, et al.,

　　　　Defendants.

PAPAK, Magistrate Judge:

　　　　Plaintiff Matthew Robert Young, appearing *pro se*, alleged numerous civil rights violations. On June 30, 2011, this court recommended granting defendants' unenumerated motion to dismiss on the majority of Young's claims for failure to exhaust all available administrative remedies and recommended granting defendants' motion for summary judgment on Young's remaining claims. Now before the court is Young's "Motion for Extension of Time ... Second Motion to Amend the Complaint" (#41) seeking a 90 day extension of time in which to

Page 1 - OPINION AND ORDER

"litigate this civil matter" and leave to amend his complaint in an unspecified manner.[1] The motion was filed the day before this court's Findings and Recommendation but entered only after the decision issued. For the reasons set forth below, Young's motion for leave to amend is denied, but his motion for extension of time is granted to allow Young the opportunity to prepare objections to this court's Findings and Recommendation.

A party may amend a pleading once as a matter of course before being served with a responsive pleading or within 20 days after serving the pleading but thereafter may only amend by consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is within the discretion of the trial court, but that discretion "should be guided by the underlying purpose of Rule 15(a) which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (citation omitted). "A district court may, however, take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id.* (citation omitted). "An outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (citation omitted).

Here, Young's request for leave to amend his complaint is deficient for several reasons. First, local rules in this district require a party seeming leave to amend to both describe the proposed changes to his pleading and attach a copy of the proposed amended pleading to his

---

[1] Young's motion also contends that the court ignored his previously filed motion to amend, but the court never received any such motion from Young in this case.

Page 2 - OPINION AND ORDER

motion. L.R. 15-1(c),(d). Because Young fails to adhere to either of these requirements, it is impossible to determine the nature of Young's proposed amendment, and thus, whether his motion has any merit. Moreover, Young filed his motion *after* the court recommended dismissing the majority of his claims without prejudice for failure to exhaust and granting summary judgment on the remaining claims. Consequently, granting Young's motion to amend now would unduly delay these proceedings, would be futile, and would prejudice defendants who have relied on Young's allegations as stated in his complaint in completely litigating their motion to dismiss and motion for summary judgment. Of course, Young may lodge objections to this court's Findings and Recommendation with the district court. Moreover, if the district court eventually adopts this court's Findings and Recommendation, it may grant Young leave to amend his complaint to allege further facts pertaining to the administrative exhaustion of his claims, which I recommended be dismissed without prejudice. Young, however, is not entitled to leave to amend his complaint at this time.

By contrast, Young's motion for an extension of time is appropriate. Young apparently is experiencing limited access to the legal library and states that he has insufficient time to conduct necessary legal research. Consequently, it is appropriate to provide Young additional time to prepare and submit any objections to this court's Findings and Recommendation. Young has not explained why he needs a 90-day extension; therefore, a 30-day extension from today's date is sufficient.

///

///

///

## CONCLUSION

For the reasons stated above, Young's motion for leave to amend (#41) is denied and Young's motion for an extension of time (#41) is granted. Objections, if any, are now due 30 days from service of this Opinion and Order.

IT IS SO ORDERED.

Dated this 8th day of July, 2011.

_____
Honorable Paul Papak
United States Magistrate Judge