IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MATTHEW ROBERT YOUNG,                        3:10-CV-479-PK

        Plaintiff,                           ORDER

v.

MARK NOOTH, Superintendent of
Snake River Correctional
Institution; Bill Doman,
Assistant Superintendent of
Snake River Correctional
Institution; JUDY GILMORE,
Assistant Superintendent of
Snake River Correctional
Institution; Steve Cox, Snake
River Correctional
Institution Staff; and Other
Unknown Snake River
Correctional Institution
Staff,

        Defendants.


MATTHEW ROBERT YOUNG
6242666
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505

        Plaintiff, *Pro Se*

1 - ORDER

**JOHN R. KROGER**
Oregon Attorney General
**JAQUELINE SADKER-KAMINS**
**SAMUEL A. KUBERNICK**
Assistant Attorneys General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

        Attorneys for Defendants


**BROWN, Judge.**

        Magistrate Judge Paul Papak issued Findings and

Recommendation (#38) on June 30, 2011, in which he recommends the

Court grant in part and deny in part Defendants' Motion (#34)to

Dismiss, grant Defendants' Motion (#30) for Summary Judgment, and

dismiss this matter in its entirety.  Plaintiff filed timely

Objections (#47) to the Findings and Recommendation.  The matter

is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and

Federal Rule of Civil Procedure 72(b).

        When any party objects to any portion of the Magistrate

Judge's Findings and Recommendation, the district court must make

a *de novo* determination of that portion of the Magistrate Judge's

report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-*

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United*

*States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).  For

those portions of the Findings and Recommendation to which the

parties do not object, the Court is relieved of its obligation to

2 - ORDER

review the record *de novo* as to that portion of the Findings and
Recommendation.  *Reyna-Tapia*, 328 F.3d at 1121.


## BACKGROUND

On April 26, 2010, Plaintiff *pro se* filed his Complaint
seeking redress under 42 U.S.C. §§ 1983, 1985, and 1986 against
Defendants Mark Nooth, Bill Doman, Judy Gilmore, Steve Cox, and
"other unknown" staff of the Snake River Correctional Institution
(SRCI) for numerous alleged violations of Plaintiff's
constitutional rights under the First, Fourth, Fifth, Ninth, and
Fourteenth Amendments related to the handling of Plaintiff's
incoming and outgoing mail at SRCI and to Plaintiff's detention
in disciplinary segregation.  Specifically, Plaintiff asserted
the following claims against Defendants in his Complaint:
(1) Claim One for opening his personal and legal mail outside his
presence and placing him in disciplinary segregation for the
purpose of gaining a tactical legal advantage over Plaintiff as
to his legal claims against SRCI; (2) Claim Two for opening and
replacing with forgeries a letter to Plaintiff from Attorney
Michelle Burrows and from the Federal Bureau of Investigations;
(3) Claim Three for opening and replacing with a forgery a letter
from Plaintiff's mother, Betty Young, and for opening and
delaying a letter from the Oregon Department of Administrative
Services, Risk Management Division (DAS); and (4) Claim Four for

3 - ORDER

repeatedly opening Plaintiff's legal mail outside of his presence and for opening and refusing to send Plaintiff's mail to Intel Corporation and to Steve Jobs of Apple Computers.

On May 20, 2011, Defendants filed their Unenumerated Rule 12(b) Motion to Dismiss each of Plaintiff's claims for failure to exhaust administrative remedies with the exception of Plaintiff's claims for delayed delivery of a letter from DAS and for opening and refusing to send Plaintiff's correspondence to Intel and Steve Jobs for which Defendants acknowledged Plaintiff met his exhaustion requirements.

On May 20, 2011, Defendants also filed their Motion for Summary Judgment as to the two remaining claims for which Plaintiff properly exhausted his administrative remedies on the grounds that (1) Plaintiff did not satisfy his burden to show a constitutional violation occurred, (2) Defendants are entitled to qualified immunity, and (3) Plaintiff failed to allege Defendants were personally involved in any of the alleged constitutional violations.[1]

On June 30, 2011, the Magistrate Judge issued Findings and Recommendation in which he recommends the Court (1) grant Defendants' Motion to Dismiss for failure to exhaust

---

[1] On October 15, 2010, the Court sent Plaintiff a Summary Judgment Advice Notice (#16), which explains Plaintiff's burdens and responsibilities in responding to a motion for summary judgment.

4 - ORDER

administrative remedies as to each of Plaintiff's claims with the
exception of Plaintiff's claims against Defendants for opening
and delaying delivery of mail from DAS to Plaintiff and for
opening and failing to send mail from Plaintiff to Intel and
Steve Jobs and (2) grant Defendants' Motion for Summary Judgment
as to Plaintiff's remaining claims for which he exhausted his
remedies on the grounds that Plaintiff did not meet his burden to
show Defendants violated Plaintiff's constitutional rights and
that, in any event, Defendants are entitled to qualified immunity
as to those claims.  Accordingly, the Magistrate Judge recommends
the Court dismiss Plaintiff's Complaint in its entirety.

On July 22, 2011, Plaintiff filed timely Objections to the
Findings and Recommendation to which Defendants did not respond.
Plaintiff's Objections include numerous documents that were not
before the Magistrate Judge when he considered the Motions at
issue.

## DISCUSSION

Plaintiff objects generally to the Findings and
Recommendation and also makes the following specific Objections:
(1) Plaintiff contends Magistrate Judge Papak should be removed
from this matter on the grounds that he is biased and does not
have jurisdiction over this matter and (2) Plaintiff alleges on
the basis of the additional documents submitted by him that he

5 - ORDER

has shown he exhausted his administrative remedies as to each of

his claims.

## I.    Removal of Magistrate Judge Papak.

Plaintiff objects to the role of Magistrate Judge Papak in

this matter on the following grounds:

> Pro se Plaintiff is not an attorney, however
> magistrate **Papak**, makes this pro se Plaintiff
> work **TWICE AS HARD** an any attorney,
> continuously trying to dismiss the Plaintiffs
> Civil Action, **WITHOUT ONE SINGLE** well
> established ground, reason or true fact in
> the matter, such as ***erroneously*** stating that
> pro se Plaintiff has failed to exhaust the
> available administrative remedies, which is
> herein now proven to be **WRONG**!!! When in
> fact, if the magistrate judge was not
> prejudiced against the pro se Plaintiff, he
> would have in fact moved to have pro se
> Plaintiff prove, and or establish the fact of
> exhausting the administrative remedies, and
> **NOT** MOVED to make ***erroneous*** Findings and
> Recommendations that are **NOT** Based nor Founds
> in Fact, ***especially*** in light of the fact that
> pro se Plaintiff Clearly makes a Claim, and
> statement in the complaint of having
> exhausted all of the available administrative
> remedies. (above)

> In Sum, pro se Plaintiff is again moving
> to have magistrate **Paul Papak**, removed off of
> his Civil Action, where **Magistrate Papak** has
> NO jurisdiction to even hear this Action. pro
> se Plaintiff does not know any case law to
> support this motion, in regards to his
> Claims, or how to get the Magistrate judge
> out of his case, and out of his life, however
> because Pro Se pleading are to be liberally
> construed, particularly in Civil Rights
> cases.

The Court notes in *Young v. Nooth*, No. 10-CV-1138-PK**,** in

6 - ORDER

which Plaintiff's unrelated claims were before Magistrate Judge

Papak, Plaintiff moved twice to remove the Magistrate Judge on

the same grounds. *See* Docket Entries #33, #78.  In his Order

denying Plaintiff's Motion (#33) to Disqualify and Remove him,

Magistrate Judge Papak found Plaintiff's motion should be denied

> given the only basis asserted for recusal is
> Plaintiff's disagreement with the Court's
> rulings in this case.  Plaintiff fails to
> show that the Court's impartiality might
> reasonably be questioned.  *See Hasbrouck v.*
> *Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir.
> 1987), *aff'd*, 496 U.S. 543 (1990); *United*
> *States v. Studley*, 783 F.2d 934, 939 (9th
> Cir. 1986)(judge's prior adverse rulings are
> insufficient cause for recusal).

In her Order (#79) denying Plaintiff's Motion (#79) to

Contest the Jurisdictional Authority of United States District

Court Magistrate Judge Paul Papak Pursuant to Title 28 USCS

§ 636, Chief Judge Ann L. Aiken held:

> Plaintiff' motion to contest the juris-
> dictional authority of Magistrate Judge Papak
> pursuant to 28 U.S.C. 636 will be construed
> as a motion to disqualify Judge Papak and is
> denied.  Plaintiff is reminded that absent
> consents from both parties, Judge Papak only
> has this case on referral.  The parties are
> entitled to file Objections to any Findings
> and Recommendation filed by Judge Papak which
> Objections will then be reviewed by a United
> States District Court judge (Article III
> Judge).  Plaintiff is ordered to proceed with
> his lawsuit.  Absent egregious circumstances,
> the court will not entertain any further
> motions to disqualify Judge Papak.

To the extent that Plaintiff merely requests in his

Objections that this Court review the Findings and Recommendation

7 - ORDER

in accordance with the proper legal standards, the Court will, in fact, do so. To the extent that Plaintiff intends his Objections to also serve as a motion to disqualify Magistrate Judge Papak or to challenge his jurisdiction to issue the Findings and Recommendation, the Court denies that motion. Plaintiff merely disagrees with Magistrate Judge Papak's legal conclusions, has not provided any factual basis that calls the Magistrate Judge's impartiality into question, and has not shown any egregious circumstances that justify disqualifying the Magistrate Judge.

Accordingly, the Court concludes this Objection does not provide a basis to modify or to reject the Findings and Recommendation.

## II.  Motion to Dismiss for Failure to Exhaust Administrative Remedies.

Without setting out specific grounds for error, Plaintiff contends the Magistrate Judge erroneously concluded Plaintiff did not exhaust his administrative remedies as to each of his allegations in his Complaint except for Plaintiff's claims against Defendants for opening and delaying delivery of mail from DAS to Plaintiff and for opening and failing to send mail from Plaintiff to Intel and Steve Jobs. Plaintiff alleges conclusorily that he has exhausted his administrative remedies and references the nearly 40 pages of exhibits attached to his Objections.

The Court has reviewed all of the new documents provided by

8 - ORDER

Plaintiff as well as the evidence submitted by the parties to the
Magistrate Judge when he was considering Defendants' Motions.
The Court concludes the Magistrate Judge did not commit any legal
error as to the applicable standards for exhaustion of remedies
under Oregon and federal law, but Plaintiff's additional
materials submitted with his Objections justify modifying the
Findings and Recommendation as follows:

    1.    The Magistrate Judge concluded on the evidence before
him that Plaintiff did not submit any "grievances
related to the defendants' allegedly improper decisions
to place him into disciplinary segregation (part of
Claim I) nor the defendants' alleged opening and
forging of letters from an attorney, the FBI, or his
mother (Claims II and III) [and, therefore,] failed to
exhaust his remedies on those issues as required by the
[Prisoner Litigation Reform Act, 42 U.S.C. § 1997, *et
seq.*]"  Although Plaintiff's references to improper
disciplinary segregation and to forged letters from the
FBI and his mother were not included in a proper
initial grievance (*see* Or. Admin. R., *Dep't of
Corrections,* 291-109-0100, *et seq.*), Plaintiff made
reference to disciplinary segregation and forged
letters in the appeals of his initial grievances.
According to the Oregon Administrative Rules pertaining

9 – ORDER

to the appeal of a grievance response, however, "[t]he
scope of the original grievance cannot be expanded" on
appeal.  Or. Admin. R. 291-109-170.  The Court,
therefore, agrees with the Magistrate Judge that
Plaintiff did not properly exhaust his administrative
remedies with respect to his claims that Defendants
improperly placed him in disciplinary segregation and
delivered forged letters to Plaintiff that purported to
be from his mother and from the FBI.

2.    Although the Magistrate Judge concluded on the evidence
before him that Plaintiff did not fully exhaust his
grievance with respect to his claim that Defendants
opened legal mail from Attorney Michelle Burrows and
delivered to Plaintiff a forged letter that purported
to be from Burrows's assistant, the new evidence
provided by Plaintiff reflects Plaintiff exhausted his
administrative remedies for that claim.  Plaintiff
filed an initial grievance as to those issues dated
November 4, 2008; Mail Processing Center Supervisor, B.
Cox, issued a response dated December 8, 2008;
Plaintiff's first appeal was dated December 18, 2008;
SRCI Superintendent Mark Nooth, issued a response dated
January 12, 2009; Plaintiff's second appeal was dated
January 25, 2009; and Institutions Administrator Sharon

Blacketter issued a final decision dated May 27, 2009.

Accordingly, on the basis of new evidence submitted by Plaintiff, the Court modifies the Findings and Recommendation to reflect:  (1) Plaintiff attempted to enlarge his grievance appeals to include complaints of improper disciplinary segregation and forgeries of letters to him from the FBI and Plaintiff's mother that were not made in any initial grievance; (2) Defendants have not met their burden to show that Plaintiff failed to fully exhaust his administrative remedies as to Plaintiff's claim that Defendants opened and delivered a forgery of a letter from the office of Attorney Burrows, *see Jones v. Bock*, 549 U.S. 199, 212-16 (2007)(failure to exhaust is an affirmative defense under the PLRA for which the defendant bears the burden of proof); and (3) Defendants, therefore, are entitled to dismissal of all of Plaintiff's claims for failure to exhaust his administrative remedies except with respect to Plaintiff's claims as to the Burrows letter, the mailing from DAS, and the correspondence with Intel and Steve Jobs.

**III. Summary Judgment as to Plaintiff's Remaining Claims.**

As noted, Plaintiff only objects generally to the balance of the Findings and Recommendation as containing "grievous errors" without providing any specific basis for reaching such a conclusion.  The Court has reviewed *de novo* the law and facts underlying the Magistrate Judge's recommendation to grant

11 - ORDER

Defendant's Motion for Summary Judgment as to Plaintiff's claims that Defendants opened out of his presence and otherwise delayed and interfered with the proper mailing of materials from DAS to Plaintiff and from Plaintiff to Intel and Steve Jobs that Plaintiff contends were "legal mail."  The Court does not find any basis on this record to modify or to reject the Findings and Recommendation.

As noted, the Court has determined Plaintiff has established that he exhausted his claims with respect to the Burrows letter. Because Defendants contend in their Motion to Dismiss that Plaintiff had not exhausted his remedies with respect to that claim, Defendants did not address those claims on summary judgment and have not provided evidence to satisfy their burden to prove the affirmative defense of failure to exhaust administrative remedies.  Plaintiff's allegations as to Defendants' handling of the Burrows letter, when viewed liberally and in the light most favorable to Plaintiff, appear at a minimum to state a claim for unconstitutional interference with his legal mail. *See, e.g., Pierce v. Gonzales*, No. 1:10-cv-00285 JLT (PC), 2011 WL 703594, at *5-7 (E.D. Cal. Feb. 18, 2011)(recognizes First Amendment claims for censorship of inmate mail, opening an inmate's legal mail outside of his presence, and delays in mail delivery); *Watkins v. Curry*, No. C 10-2539 SI (pr), 2011 WL 996802, at *2 (N.D. Cal. Mar. 21, 2011)(same); *Sherman v.*

12 - ORDER

*MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981)(defers the question as to whether the allegation that a prisoner's legal mail was opened before it was delivered to him states a claim under § 1983 for a First Amendment violation but acknowledges other circuits have so concluded).

In summary, the Court has performed a *de novo* review of the record in relation to each of the Objections raised by Plaintiff and concludes those Objections provide a basis to modify the Findings and Recommendation as set out above.  Accordingly, this matter is returned to the Magistrate Judge to determine whether additional litigation is necessary with respect to Plaintiff's sole remaining claim before a trial is scheduled on the merits.

<u>CONCLUSION</u>

For these reasons, the Court **ADOPTS as modified** Magistrate Judge Papak's Findings and Recommendation (#38).  Accordingly, the Court **DENIES in part** Defendants' Motion (#34) to Dismiss as to Plaintiff's claims concerning Defendants' alleged mishandling of the mailings from DAS and Burrows to Plaintiff and to Intel and Steve Jobs from Plaintiff.  The Court **GRANTS** the balance of Defendants' Motion (#34) to Dismiss Plaintiff's remaining claims for failure to exhaust administrative remedies and **DISMISSES** those claims **without prejudice**.

The Court also **GRANTS** Defendants' Motion (#30) for Summary

13 - ORDER

Judgment and **DISMISSES with prejudice** Plaintiff's claims that Defendants mishandled Plaintiff's incoming mail from DAS and outgoing mail to Intel and Steve Jobs.

As noted, Plaintiff's claims that Defendants mishandled incoming mail from Attorney Burrows is not dismissed and is returned to the Magistrate Judge to determine whether additional litigation is required in advance of trial.

IT IS SO ORDERED.

DATED this 3rd day of November, 2011.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge