IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW ROBERT YOUNG,       3:10-cv-00479-PK

    Plaintiff,      FINDINGS AND RECOMMENDATION

v.

MARK NOOTH, et al.,

    Defendants.

PAPAK, Magistrate Judge:

    Plaintiff Matthew Robert Young, appearing *pro se*, originally alleged a number of claims under 42 U.S.C. §§ 1983, 1985, 1986 for violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution. The district court dismissed all of Young's claims except one asserting that in October 2008, an unnamed employees of the Snake River Correctional Institution (SRCI) opened an envelope containing a letter to Young from Attorney Michelle Burrows, replaced the letter with a forgery, and re-sealed the envelope.

Page 1 - FINDINGS AND RECOMMENDATION

(Order., #49, at 3, 12); (Compl., #1, at 6-7.) Now before the court is defendants' supplemental motion for summary judgment against that remaining claim. (#54.) For the reasons set forth below, defendants' motion should be granted.

## LEGAL STANDARDS

### I. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1261 (1996). When considering a motion for summary judgment, the district court's role is not to weigh the evidence, but merely to determine whether there is a genuine issue for trial. *Liberty Lobby*, 477 U.S. at 249; *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Only after the moving party has made such a showing does the burden shift to the opposing party to show that a genuine issue of fact remains. *See* Fed. R. Civ. P. 56(e). To establish the existence of a genuine issue of material fact, the non-moving party must make an adequate showing as to each element of the claim on which the non-moving party will bear the burden of

Page 2 - FINDINGS AND RECOMMENDATION

proof at trial. *See Celotex*, 477 U.S. at 322-23; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The opposing party may not rest on conclusory allegations or mere assertions, *see Taylor*, 880 F.2d at 1045; *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988), but must come forward with significant probative evidence, *see Liberty Lobby*, 477 U.S. at 249-50; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The evidence set forth by the non-moving party must be sufficient, taking the record as a whole, to allow a rational jury to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Taylor*, 880 F.2d at 1045.

## BACKGROUND

The allegedly forged letter at issue here is dated October 28, 2008, is addressed to Young, and bears the letterhead of Attorney Michelle Burrows. (Burrows Decl., #56, Ex. 1.) The letter states that Ms. Burrows' office had received Young's earlier letter seeking counsel but was unable to accept new cases. *Id.* The letter is signed by Emily Abrams, Ms. Burrows' investigator. *Id.*

Ms. Burrows declares that the letter appears to be authentic. (Burrows Decl., #56, ¶¶6-7.) During October 2008, Burrows was out of her office recuperating from an automobile accident. *Id.* at ¶2. In her absence, Burrows left Abrams to manage her office, including turning down all new requests for representation. *Id.* at ¶¶2-3, 7. Having office staff sign and send letters declining requests for representation has been Burrows' common practice for years, due to the high volume of requests she receives from inmates. *Id.* at ¶4. The letter in question lists an old email address for Burrows and uses standard language from her boilerplate for such letters declining requests for representation. *Id.* at ¶6. Moreover, Abram's signature appears to be

Page 3 - FINDINGS AND RECOMMENDATION

genuine. *Id.*

SRCI custodian of records Bill Doman declares that he has no reason to believe that anyone at SRCI forged or tampered with Young's letter. (Doman Decl., #57, ¶4.)

Plaintiff presents no evidence whatsoever supporting his resistance to defendants' motion for summary judgment.

## DISCUSSION

Defendants argue that summary judgment should be granted for several reasons, all of which are valid. First, defendants contend that all available evidence indicates the letter Young received was genuine and Young presents nothing more than unsupported allegations to the contrary. Indeed, Burrows' declaration indicates the letter is genuine and Young presents no evidence to dispute that conclusion. Young apparently argues that the district court's prior order in this case already established that this claim should advance to a jury. The portion of Judge Brown's order that Young relies upon, however, only expresses that Young's allegations *stated a claim* for unconstitutional interference with legal mail. Of course, merely stating a claim upon which relief can be granted does not entitle a plaintiff to advance to a jury on that claim. Where defendants point to portions of the record which demonstrate the absence of a genuine issue of material fact, as they have done here, plaintiff bears the burden to present probative evidence that a genuine issue of fact remains. *See Celotex*, 477 U.S. at 323. Young has not even attempted to meet that burden.

Instead of probative evidence, Young presents a long list of potential cross-examination questions that he would pose to Burrows at trial to create a question of fact concerning her testimony and hypothesizes about testimony Abrams might potentially offer. Young states that

Page 4 - FINDINGS AND RECOMMENDATION

he "reserves the right" to cross-examine defendants' declarants at trial, implying that he need not offer evidence now to create a factual dispute because intends to do so later. This is not permitted. Under Rule 56, Young must present sufficient probative evidence before trial to defeat defendants' motion for summary judgment; a list of cross-examination questions or speculation about what a witness might say does not suffice.

Second, defendants contend that even if Young had presented evidence showing that the letter had been opened by SRCI staff prior to delivery, Young still could not reach a jury on a First Amendment claim, since a single incident of opening legal mail does not rise to the level of a constitutional violation. *See, e.g., Laaman v. Hancock*, 351 F. Supp. 1265, 1269 (D. N.H. 1972) (single opening of legal mail was isolated incident that is not actionable). I need not reach this argument now. Although Young alleges that the letter clearly had been opened and re-sealed prior to delivery, he presents no actual evidence supporting that allegation. Thus, Young cannot advance to a jury on a claim for unconstitutional inspection of legal mail. Even if he had presented such evidence, however, defendants would be likely be entitled to qualified immunity on that claim because opening legal mail does not necessarily violate the First Amendment. *See Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir.1981) (declining to decide the question of whether opening a prisoner's legal mail outside his presence constitutes a First Amendment violation).

Finally, defendants note that because Young has not even alleged, let alone provided evidence, that any of the named defendants personally participated in forging the letter, Young cannot state a Section 1983 claim. Indeed, this flaw is also dispositive. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (granting summary judgment on Section 1983 claims where

Page 5 - FINDINGS AND RECOMMENDATION

plaintiff failed to establish a genuine issue of material fact as to the personal involvement of any of the named defendants in the alleged constitutional violations).

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (#54) should be granted and judgment in favor of defendants should be entered.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 30th day of March, 2012.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge