**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MATTHEW ROBERT YOUNG,**

**Plaintiff,**

**v.**

**MARK NOOTH, Superintendent of Snake River Correctional Institution; DEPARTMENT OF RISK MANAGEMENT ADMINISTRATIVE SERVICES, INMATE CLAIMS UNIT; GUY HALL, Superintendent of Two Rivers Correctional Institution; JODEAN ELLIOT-BLAKESLEE; PEGGY DEAN; SHIRLEY HODGE; JUDY GILMORE; THERESA HICKS; and CAROL ROBERTS,**

**Defendants.**

**3:10-CV-00479-PK**

**ORDER**

**MATTHEW ROBERT YOUNG**
6242666
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505

Plaintiff, *Pro Se*

**JOHN R. KROGER**
Oregon Attorney General
**KRISTIN A. WINGES-YANEZ**
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

Attorneys for Defendants

**BROWN, Judge.**

On March 2, 2012, Plaintiff filed a Motion (#66) to Stay This Civil Action Pending Interlocutory Appeal. Also on March 2, 2012, Plaintiff filed a Motion (#65) to Set Trial Date. The Magistrate Judge referred Plaintiff's Motions to this Court.

On March 30, 2012, Magistrate Judge Paul Papak issued Findings and Recommendation (#71) in which he recommends the Court grant Defendants' Supplemental Motion (#54) for Summary Judgment and enter judgment in favor of Defendants. Plaintiff filed timely Objections (#78) to the Findings and Recommendation. The Findings and Recommendation is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## PLAINTIFF'S MOTION (#66) TO STAY THIS CIVIL ACTION PENDING INTERLOCUTORY APPEAL

On January 30, 2012, Plaintiff filed a Motion to Recuse Judge Papak. On February 13, 2012, Chief Judge Ann Aiken denied

Plaintiff's Motion on the ground that "nothing on the record supports or indicates that Magistrate Judge Papak should disqualify or recuse himself from this case."

On March 2, 2012, Plaintiff filed a Motion to Stay in which he seeks an order staying this matter "pending the outcome" of an appeal of Chief Judge Aiken's Order. Plaintiff, however, has not filed an appeal of Chief Judge Aiken's Order.

Viewing Plaintiff's Motion to Stay liberally, the Court construes it as a Motion to Certify Chief Judge Aiken's Order denying Plaintiff's Motion to Recuse Judge Papak for appeal pursuant to 28 U.S.C. § 1292(b) and denies Plaintiff's request for certification.

Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.

Plaintiff has not satisfied these requirements for certification. Specifically, Plaintiff has not established a controlling question of law exists as to which there is a substantial ground for difference of opinion. Even though "Congress did not specifically define what it meant by 'controlling,' the legislative history of 1292(b) indicates that this section was to

be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Roberts v. C.R. England, Inc.*, No. C 11–2586 CW, 2012 WL 711903, at *1 (N.D. Cal. Mar. 5, 2012)(quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). For example, in *In re Cement* the Ninth Circuit declined to consider an interlocutory appeal of a district judge's order of recusal because "review involves nothing as fundamental as the determination of who are the necessary and proper parties, whether a court to which a cause has been transferred as jurisdiction, or whether state or local law should be applied." 673 F.2d at 1026. Here Plaintiff merely disagreed with Magistrate Judge Papak’s legal conclusions, did not provide any factual basis that calls the Magistrate Judge’s impartiality into question, and did not show any egregious circumstances that justified disqualifying the Magistrate Judge. In addition, immediate appeal of the Order denying Plaintiff's request to recuse Magistrate Judge Papak will not materially advance the ultimate termination of this litigation.

Accordingly, the Court denies Plaintiff's Motion (#66) to Stay.

**FINDINGS AND RECOMMENDATION**

When any party objects to any portion of the Magistrate

Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). For those portions of the Findings and Recommendation to which the parties do not object, the Court is relieved of its obligation to review the record *de novo* as to that portion of the Findings and Recommendation. *Reyna-Tapia*, 328 F.3d at 1121.

**Background**

On April 26, 2010, Plaintiff *pro se* filed his Complaint seeking redress under 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants Mark Nooth, Bill Doman, Judy Gilmore, Steve Cox, and “other unknown” staff of the Snake River Correctional Institution (SRCI) for numerous alleged violations of Plaintiff’s constitutional rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments related to the handling of Plaintiff’s incoming and outgoing mail at SRCI and to Plaintiff’s detention in disciplinary segregation. Specifically, Plaintiff asserted the following claims against Defendants in his Complaint: (1) Claim One for opening his personal and legal mail outside his presence and placing him in disciplinary segregation for the purpose of gaining a tactical legal advantage over Plaintiff as to his legal claims against SRCI; (2) Claim Two for opening and

replacing with forgeries a letter to Plaintiff from Attorney Michelle Burrows and from the Federal Bureau of Investigations; (3) Claim Three for opening and replacing with a forgery a letter from Plaintiff's mother, Betty Young, and for opening and delaying a letter from the Oregon Department of Administrative Services, Risk Management Division (DAS); and (4) Claim Four for repeatedly opening Plaintiff's legal mail outside of his presence and for opening and refusing to send Plaintiff's mail to Intel Corporation and to Steve Jobs of Apple Computers.

On May 20, 2011, Defendants filed an Unenumerated Rule 12(b) Motion to Dismiss Plaintiff's claims for failure to exhaust administrative remedies with the exception of Plaintiff's claims for delayed delivery of a letter from DAS and for opening and refusing to send Plaintiff's correspondence to Intel and Steve Jobs for which Defendants acknowledged Plaintiff met his exhaustion requirements.

On May 20, 2011, Defendants also filed a Motion for Summary Judgment as to the two remaining claims for which Plaintiff properly exhausted his administrative remedies on the grounds that (1) Plaintiff did not satisfy his burden to show a constitutional violation occurred, (2) Defendants are entitled to qualified immunity, and (3) Plaintiff failed to allege Defendants were personally involved in any of the alleged constitutional violations.

On June 30, 2011, the Magistrate Judge issued Findings and Recommendation in which he recommended the Court (1) grant Defendants' Motion to Dismiss for failure to exhaust administrative remedies as to each of Plaintiff's claims with the exception of Plaintiff's claims against Defendants for opening and delaying delivery of mail from DAS to Plaintiff and for opening and failing to send mail from Plaintiff to Intel and Steve Jobs and (2) grant Defendants' Motion for Summary Judgment as to Plaintiff's remaining claims for which he exhausted his remedies on the grounds that Plaintiff did not meet his burden to show Defendants violated Plaintiff's constitutional rights and that, in any event, Defendants are entitled to qualified immunity as to those claims.

On July 22, 2011, Plaintiff filed timely Objections to the Findings and Recommendation, which included a number of documents that were not before the Magistrate Judge when he considered the Motions at issue.

On November 4, 2011, the Court issued an Order adopting as modified the Findings and Recommendation, denying Defendants' Motion to Dismiss as to Plaintiff's claims concerning Defendants' alleged mishandling of the mailings from DAS and Burrows to Plaintiff and to Intel and Steve Jobs from Plaintiff, granting the balance of Defendants' Motion to Dismiss Plaintiff's remaining claims for failure to exhaust administrative remedies,

granting Defendants’ Motion for Summary Judgment, dismissing with prejudice Plaintiff’s claims that Defendants mishandled Plaintiff’s incoming mail from DAS and outgoing mail to Intel and Steve Jobs, and returning to the Magistrate Judge Plaintiff’s claim that Defendants mishandled incoming mail from Attorney Burrows to determine whether additional litigation was required in advance of trial.

On November 9, 2011, Magistrate Judge Papak issued an Order directing the parties to file any further dispositive motions as to Plaintiff's remaining claims.

On December 9, 2011, Defendants filed a Supplemental Motion for Summary Judgment as to Plaintiff's remaining claim that Defendants mishandled incoming mail from Attorney Burrows.

As noted, on March 30, 2012, Magistrate Judge Papak issued Findings and Recommendation in which he recommends the Court grant Defendants’ Supplemental Motion for Summary Judgment and enter judgment in favor of Defendants. On June 8, 2012, the Court took the Findings and Recommendation under advisement.

**Discussion**

In his Objections, Plaintiff reiterates the arguments contained in his Response to Defendants' Motion for Summary Judgment. This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the

pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

Accordingly, the Court adopts Magistrate Judge Papak's Findings and Recommendation.

**PLAINTIFF'S MOTION (#65) TO SET TRIAL DATE**

In his Motion to Set Trial Date Plaintiff essentially seeks to collaterally attack Magistrate Judge Papak's Findings and Recommendation. Plaintiff reiterates the arguments contained in his Response to Defendants' Motion for Summary Judgment. As noted, the Court carefully considered Plaintiff's Objections and has concluded they do not provide a basis to modify the Findings and Recommendation. The Court also concludes they do not provide any basis to deny Defendants' Motion for Summary Judgment or to set this matter for trial.

Accordingly, the Court denies Plaintiff's Motion to Set Trial Date.

**CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion (#66) to Stay This Civil Action Pending Interlocutory Appeal and Plaintiff's Motion (#65) to Set Trial Date. The Court also **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#71). Accordingly, the Court **GRANTS** Defendants’ Supplemental

Motion (#54) for Summary Judgment and **DISMISSES with prejudice** Plaintiff's remaining claim in this matter.

IT IS SO ORDERED.

DATED this 3rd day of August, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge